## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| FREDERIC GOLDFEIN, derivatively on behalf of Nominal Defendant Motorola, Inc. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| GREGORY Q. BROWN, DAVID W. DORMAN, H. LAURANCE FULLER, JUDY C. LEWENT, THOMAS J. MEREDITH, NICHOLAS NEGROPONTE, INDRA K. NOOYI, SAMUEL C. SCOTT III, RON SOMMER, ANTHONY J. VINCIQUERRA, DOUGLAS A. WARNER III, JOHN A. WHITE, MILES D. WHITE, JAMES R. STENGEL, EDWARD J. ZANDER, | ) ) ) ) ) ) ) ) ) ) ) ) | 10-cv-1955<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Michael T. Mason |
| Defendants, | ) ) | |
| and | ) ) | |
| MOTOROLA, INC., | ) ) | |
| Nominal Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Frederic Goldfein, on behalf of Motorola, Inc., has brought this four-count

derivative action against certain members of Motorola's board of directors (the "Board") and

company officers (collectively the "Individual Defendants"). In his complaint, Goldfein seeks to

hold the individual defendants liable for their alleged breaches of fiduciary duties and other

violations of law related to Motorola's financial and sales projections during the third and fourth

quarter of 2006. Defendants move to dismiss the complaint on the basis that plaintiff has not

met the threshold demand requirement of Rule 23.1, and has not plead sufficiently to state a

claim for relief.  Alternatively, defendant moves this court to dismiss the case under the

Colorado River Abstention Doctrine in favor of the parallel state litigation.  This Court having

heard oral arguments, reviewed the briefs, and relevant caselaw, grants the motion to dismiss.

## ALLEGATIONS IN THE COMPLAINT

Goldfein names fifteen individual defendants.  They are Gregory Brown; David Dorman;

H. Laurance Fuller; Judy Lewent; Thomas Meredith; Nicholas Negroponte; Indra Nooyi; Samuel

C. Scott III; Ron Sommer; Anthony Vinciquerra; Douglas A. Warner III; John A. White; Miles

D. White; James Stengel; Edward Zander.

The vast majority of the allegations are stated generally as having been committed by the

"individual defendants."  Plaintiff alleges that Zander made statements touting the sales

projections for the third and fourth quarter of 2006.  Sales projections fell short of predictions in

both the third and fourth quarters of 2006.  Plaintiff alleges that the individual defendants knew

or should have known the sales projections were false based on their position on the Board and

on various committees.  Based on the sales forecast figures and the company's failure to meet the

projected sales, plaintiff alleges breach of fiduciary duty by all defendants for failing to exercise

proper oversight; insider trading by Brown and Zander, who sold Motorola stock during the

second half of 2006; corporate waste; and, unjust enrichment as to all defendants.  Plaintiff

asserts shareholder standing based on demand and wrongful demand refusal.

## DISCUSSION

Although defendants put forth several arguments for dismissal, this Court will address

only the issue of abstention as that issue is dispositive.  Defendants request that this Court

abstain from exercising jurisdiction in this case in favor of the parallel state cases that are

proceeding in the Circuit Court of Cook County based on the <u>Colorado River</u> abstention doctrine.  The two consolidated state court cases, which are currently pending in the Circuit Court of Cook County before the Honorable William O. Maki, are <u>Jean Williams v. Motorola, Inc.</u>, case No. 07CH23297, and <u>Gary Cinotta v. Motorola, Inc.</u>, 07CH23298 (collectively, "state cases" or similar).

The <u>Colorado River</u> abstention doctrine allows federal courts to stay a suit in exceptional circumstances when there is a concurrent state proceeding and the stay would promote "wise judicial administration." <u>Clark v. Lacy</u>, 376 F. 3d 682, 685 (7th Cir. 2004)(quoting <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800, 818 (1976)).  In <u>Moses H. Cone Memorial Hospital v. Mercury Construction Corp</u>., 460 U.S. 1, 25 (1983), the Supreme Court stated: "We emphasize that our task in such cases as this is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under Colorado River to justify the *surrender* of that jurisdiction." (emphasis in original). It is with that caveat in mind that this Court considers whether to abstain.

Courts conduct a two-part analysis to determine whether a stay is appropriate in a particular case.  First, the Court considers "whether the concurrent state and federal actions are actually parallel." <u>LaDuke v. Burlington N. R.R. Co.</u>, 879 F.2d 1556, 1559 (7th Cir. 1989). "Two suits are considered ' "parallel" when substantially the same parties are contemporaneously litigating substantially the same issues in another forum.' " <u>Clark</u>, 376 F. 3d at 686.  There should be a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case." <u>Lumen Constr., Inc, v. Brant Constr. Co.</u>, 780 F. 2d 691, 695 (7th Cir.1985). Once

the Court has determined that the suits are parallel, then it must consider the factors enumerated

in Colorado River and its progeny to determine whether there are exceptional circumstances

permitting this Court to abstain from excercising jurisidiction.  See Colorado River, 424 U.S. at

818.

Defendants assert that the complaint in this case is virtually identical to the state

complaints.  After comparing the complaint in the case before this Court and the state court

complaints, this Court finds the differences are more superficial than substantive.  Since the

consolidated state cases and the instant case are shareholder derivative suits, Motorola, Inc., is

the the real plaintiff in interest, not the individual plaintiffs suing on Motorola's behalf.  Thus,

the parties are identical with the exception of one named defendant board member. "The addition

of a party or parties to a proceeding, by itself, does not destroy the parallel nature of state and

federal proceedings." Clark, 376 F. 3d at 686; see Schneider Nat'l Carriers, Inc. v. Carr, 903 F.

2d 1154, 1156 (7th Cir. 1990).

Moreover, the primary difference between the federal and state actions is that the

individual state plaintiffs alleged "demand futility" rather than "wrongful demand refusal" as

their standing to sue on behalf of Motorola.  Since Motorola is the real plaintiff in interest and

not the individual plaintiffs, this difference does not affect our analysis as to whether the cases

are parallel.  This Court must consider whether the interests of the *parties* (i.e., Motorola Inc. as

plaintiff and the Board of Directors as defendants) are substantially the same. See Clark, 376 F.

3d at 686.  On behalf of Motorola, Goldfein and the state plaintiffs make virtually identical

allegations of breach of fiduciary duty, corporate waste, unjust enrichment, based on these same

factual allegations during the same time period.  Just as with the cases at issue in Clark v. Lacy,

the lawsuits at issue here "rely on the same factual predicate to raise substantially similar legal issues against substantially similar parties." Clark, 376 F. 3d at 687.  Notably, Goldfein does not argue in his brief in opposition to the motion that his case is not parallel to the state cases. Accordingly, the Court finds the cases are parallel and will proceed to the second part of the analysis under Colorado River.

In the wake of Colorado River, courts applying the doctrine have considered a number of nonexclusive factors that might demonstrate the existence of exceptional circumstances warranting abstention, including: (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. Clark, 376 F. 3d at 685 (citing LaDuke, 879 F. 2d at 1559); See also Lumen Constr., Inc., 780 F. 2d at 694-95.

This Court will address each factor in turn as enumerated above.  (1) Neither this Court nor the state court has exercised jurisdiction over property, thus, this factor is neutral.  (2) Both forums appear equally convenient since the courthouses are only a few city-blocks apart. Therefore, this factor is neutral.  (3) This Court recognizes and emphasizes the desirability of avoiding piecemeal litigation, and since the two cases would undoubtedly cover virtually all of the same issues, this factor weighs heavily in favor of abstention.  Indeed, since the claims in the cases are substantively the same and the state court has already considered the threshold issue of

demand futility, if the federal case were to continue before this Court, the proceedings would be utterly duplicative and wasteful of judicial resources. Moreover, if this Court permits Goldfein to pursue this action, it would risk the two proceedings reaching inconsistent results on the same set of facts and the same cause of action. (4) The federal case was filed nearly two years after the state cases. (5) Delaware law is the applicable substantive law in both cases. Accordingly, this is a neutral factor. (6) Since the rights at stake are state common law rights, pursuant to Delaware law, there are no federal rights that the state court would need to protect. Judge Maki in the circuit court of Cook County is therefore in at least as good a position as this Court to protect the rights of the parties. (7) Defendants assert that substantial progress has been made in discovery in the state cases, as those have been pending for more than two years. Plaintiff does not address how much progress has been made in the state case. Thus, this factor weighs in favor of abstention. (8) Goldfein does not dispute that he could have brought the claims in this proceeding in state court. The availability of concurrent jurisdiction weighs in favor of abstention, as does factor nine. (9) The state court cases are not removable to federal court. The Seventh Circuit has stated that there is a "policy against hearing a federal claim which is related to ongoing non-removable state proceedings." Day v. Union Mines, Inc., 862 F.2d 652, 659-60 (7th Cir. 1988). The tenth and last factor is not a relevant consideration in this case. In short, this Court believes the balance of the above-listed factors weigh strongly in favor of abstention.

This Court therefore will abstain from excercising jurisdiction in this matter. This matter is dismissed in favor of the state court in which the parallel proceeding is pending. See Beck v. Dobrowski, 559 F.3d 680, 686 (7th Cir. 2009)(affirming the decision of the district court dismissing the claim in an excercise of the Colorado River abstention doctrine). Because this

Court has decided to refrain from exercising its jurisdiction in this matter, it need not reach the remaining arguments in defendants' motion to dismiss.

## Conclusion

Defendants' motion to dismiss [27] is granted. The case is dismissed.

IT IS SO ORDERED.

Date:   December 10, 2010

Entered:_____

Sharon Johnson Coleman